IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CEDRIC A. GRAY,

                        Plaintiff,                        OPINION & ORDER

v.

                                                             Case No. 19-cv-55-wmc

NICHOLAS BARRIOS,

                        Defendant.

---

*Pro se* plaintiff Cedric A. Gray, who currently is incarcerated at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit under 42 U.S.C. § 1983, against Racine County Jail officer Nicholas Barrios, on a claim that Barrios violated his rights under the Eighth Amendment during his temporary stay at the jail in November of 2018 by using excessive force against him. Now before the court is Barrios's motion for summary judgment on the ground that Gray failed to exhaust his administrative remedies as required by the Prion Litigation Reform Act ("PLRA"). (Dkt. #24.) Although it appears that Barrios has met his burden to show that Gray failed to exhaust his administrative remedies, before granting his motion the court will give Gray one opportunity to supplement his opposition with evidence of his attempt to follow the jail's grievance procedures.

OPINION

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, to comply with

§ 1997e(a), a prisoner must "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of the PLRA exhaustion requirement is to give prison administrators a fair opportunity to resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust administrative remedies before filing a lawsuit, the court must dismiss the case. *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that a plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement," *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Furthermore, inmates are required to exhaust only those administrative remedies that are available to them; administrative remedies become "unavailable" to prisoners when prison officials fail to respond to a properly filed grievance or otherwise prevent the prisoner from following the applicable procedures. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

The Racine County Jail's grievance procedure is set forth in the jail's Inmate Handbook, which is made available to all inmates in the jail's dayroom kiosks. That

procedure requires inmates to try to informally resolve the issue they wish to grieve with a correctional staff member prior to submitting a formal grievance. (Yohn Decl., Ex. A (dkt. #27-1) 3.) If the attempt at informal resolution fails, the inmate may then use the formal grievance procedure, starting with filing an "Inmate Request" form, which is available in each housing unit at the jail. (*Id.*) The Handbook directs that the inmate must "describe the situation and nature of the grievance as completely as possible, and submit the form to jail staff." (*Id.*) The completed form is forwarded by jail staff to the Jail Sergeant, who within 14 days (1) determines whether the grievance has merit and whether to take any steps, and (2) responds to the inmate. Then, if the inmate is dissatisfied with the Jail Sergeant's response, the inmate may file an appeal with the Jail Captain within seven days, who reviews the matter and responds to the inmate. If the Jail Captain does not respond to the appeal within seven days, the appeal is deemed denied and the grievance procedure is complete. Finally, if an inmate is released while their response is being processed, that inmate has seven days to request a written response. If no request for a written response is made, the grievance is considered resolved.

In November of 2018, Gray was transferred briefly from WSPF to the Racine County Jail. Gray's excessive force claim against Barrios is premised on Gray's allegation that on November 21, 2018, Barrios intentionally shut a cell door into Gray's arms. Although Gray did submit a request for medical attention that day, the jail has no record that Gray ever submitted an "Inmate Request" form complaining of Barrios's conduct. Therefore, defendant seeks summary judgment because Gray did not file a formal grievance in accordance with Rock County Jail's procedures set forth in the Handbook.

In opposition, Gray first maintains that he was unaware of the procedures set forth in the Handbook because he did not personally receive the Handbook. However, he does not dispute that he had access to the Handbook in the jail's dayroom, and in general "a prisoner's lack of awareness of a grievance procedures [generally] does not excuse his non-compliance." *Goodvine v. Gorske*, No. 06-C-0862, 2008 WL 269126, at *4 (E.D. Wis. Jan. 30, 2008) (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)); *see also Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007) ("A prisoner's lack of awareness of a grievance procedure [] does not excuse compliance."). In any event, Gray contradicts himself, arguing in the alternative that he *did* try to follow the procedures and submitted a formal grievance, but was unable to complete the process through no fault of his own.

In particular, Gray claims that after the incident with Barrios, he reported it to non-defendant Sergeant Anderson, who said he would speak to Barrios and follow back up with Gray. Gray further attests that when Anderson did not follow up with him, he complained to other inmates, who told him to file a grievance. Gray states that he "then prepared and filed a grievance," within seven business days of the incident (Gray Decl. (dkt. #32) ¶¶ 12, 13), but Gray does not state who he turned it in to, or what he alleged in that grievance. Grays states that he never received a response because he was "immediately" transferred from the jail to WSPF. Gray does not state that he requested a written response from the Jail Sergeant in accordance with the jail's Handbook; instead at WSPF Gray submitted an inmate complaint, using the Wisconsin Department of Corrections' procedures. That grievance was denied by WSPF officials because Gray had to use the jail's procedures to grieve claims related to events that arose at that facility.

4

Gray asserts that because he submitted a formal grievance but was transferred out of the jail before he had the opportunity to exhaust all remedies, the exhaustion procedure was unavailable to him. Defendant's position that Gray *never* submitted a formal grievance, suggesting a possible genuine dispute of fact as to whether Gray filed a formal grievance, the resolution of which might require the court to hold an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). At present, however, Gray's assertions in his declaration are too imprecise to create a genuine issue of material fact as to whether he followed the jail's procedures to submit a formal grievance. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013). Critically, Gray has not stated (1) whether he submitted the formal grievance on the "Inmate Request" form as required by the jail Handbook; (2) when he submitted the formal grievance; (3) to whom he submitted it; or (4) whether he had reason to believe that it had been received by the Jail Sergeant. Nor does Gray state when he was transferred back to WSPF from the jail, so the court cannot accept his conclusory assertion that he was transferred out of the jail "immediately" after submitting his grievance.

More importantly, Gray's assertions do not suggest that his transfer rendered the grievance procedure unavailable to him. He has not attested that he requested a written response to his grievance in accordance with the jail Handbook, that he was unable to send a follow up written request to the jail, or that any WSPF or jail officials prevented him from sending such requests to the jail. Without more detailed information about exactly what barriers Gray faced in following the jail's procedures, Gray has not shown that there is a genuine dispute of fact as to whether the procedures were available to him.

5

The court is typically deferential to *pro se* plaintiffs in Gray's position and has discretion to afford him the opportunity to properly support his assertions. *See* Fed. R. Civ. P. 56(e)(1); *see also Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1109 (7th Cir. 2014) ("[T]rial courts have considerable discretion in managing the course of litigation . . . and this is no less true in the contest of summary judgment motions."). Accordingly, the court will give Gray the opportunity to submit a supplemental declaration dated and signed under penalty of perjury, 28 U.S.C. § 1746. The declaration must address the following issues:

(1) The date on which he submitted a formal grievance at the Racine County jail;
(2) The specific issue or issues he raised in that grievances;
(3) To whom at the jail he gave his completed grievance form(s);
(4) The date that he was transferred back to WSPF;
(5) Whether he submitted to the jail a written response to his grievance; and
(6) Any further efforts he made at WSPF to follow Racine County Jail's grievance procedures.

Gray should be aware in submitting his supplemental declaration, he may be subject to adverse legal consequences, for example, an order limiting his ability to file future lawsuits in this court, should it come to light that he has submitted a knowing misrepresentation to the court. Once he submits his declaration, the court will determine if a *Pavey* hearing is necessary or if the court is able to resolve defendant's motion on the papers.

ORDER

IT IS ORDERED that:

1. Plaintiff Cedric Gray has until **April 21, 2022,** to submit a supplemental declaration providing the details related to his formal grievance and efforts to follow the Racine County Jail grievance procedures, as specified above.

6

2. If plaintiff fails to supplement his response by that deadline, the court will grant defendant's motion for summary judgment and dismiss plaintiff's claim in this lawsuit without prejudice.

Entered this 8th day of April, 2022.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge