IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CEDRIC A. GRAY,

                Plaintiff,                OPINION & ORDER

v.

                                              Case No. 19-cv-55-wmc

NICHOLAS BARRIOS,

                Defendant.

*Pro se* plaintiff Cedric A. Gray, who currently is incarcerated at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit under 42 U.S.C. § 1983, against Racine County Jail officer Nicholas Barrios, on a claim that Barrios violated his rights under the Eighth Amendment during his temporary stay at the jail in November of 2018 by using excessive force against him. Barrios has moved for summary judgment on the ground that Gray failed to exhaust his administrative remedies as required by the Prion Litigation Reform Act ("PLRA"). (Dkt. #24.) After reviewing Gray's opposition, the court concluded that it appeared Barrios was entitled to summary judgment, but gave Gray the opportunity to supplement his evidence in opposition to the motion to detail his specific efforts to follow the jail's grievance procedures. (Dkt. #38.) Gray timely submitted a declaration providing more information about the grievance he submitted in November 2018 (dkt. #39), yet his averments confirm that he did not follow the procedures available to him. Accordingly, Barrios's motion for summary judgment will be granted and Gray's claim against him will be dismissed without prejudice.

OPINION

As previously explained, the Racine County Jail's grievance procedure is set forth in the jail's Inmate Handbook, which is made available to all inmates in the jail's dayroom kiosks. That procedure requires inmates to try to informally resolve the issue they wish to grieve with a correctional staff member prior to submitting a formal grievance. (Yohn Decl., Ex. A (dkt. #27-1) 3.) If the attempt at informal resolution fails, the inmate may then use the formal grievance procedure, starting with filing an "Inmate Request" form, which is available in each housing unit at the jail. (*Id.*) The Handbook directs that the inmate must "describe the situation and nature of the grievance as completely as possible, and submit the form to jail staff." (*Id.*) The completed form is forwarded by jail staff to the Jail Sergeant, who within 14 days (1) determines whether the grievance has merit and whether to take any steps, and (2) responds to the inmate. Then, if the inmate is dissatisfied with the Jail Sergeant's response, the inmate may file an appeal with the Jail Captain within seven days, who reviews the matter and responds to the inmate. If the Jail Captain does not respond to the appeal within seven days, the appeal is deemed denied and the grievance procedure is complete. Finally, if an inmate is released while their response is being processed, that inmate has seven days to request a written response. If no request for a written response is made, the grievance is considered resolved.

Defendant's summary judgment motion was premised on the evidence that the jail did not have a record that Gray ever submitted an "Inmate Request" form complaining of Barrios's conduct. However, Gray disputes that, claiming that he followed the procedures by first reporting the incident to non-defendant Sergeant Anderson, who said he would

2

speak to Barrios and follow back up with Gray. Gray further attested that he "then prepared and filed a grievance," within seven business days of the incident (Gray Decl. (dkt. #32) ¶¶ 12, 13). Because Gray did not state (1) whether he submitted the formal grievance on the "Inmate Request" form as required by the jail Handbook; (2) when he submitted the formal grievance; (3) to whom he submitted it; (4) whether he had reason to believe that it had been received by the Jail Sergeant; (5) when he was transferred back to WSPF from the jail, or (6) whether he requested a written response to his grievance in accordance with the jail Handbook, the court gave Gray the opportunity to submit a supplemental declaration providing more detailed information about his efforts to follow the procedures.

In his supplemental declaration, Gray fills in some of the gaps, but has still not shown that he attempted to follow all of the jail's procedures. Gray now attests that:

- He filled out a grievance form on November 24, 2018, and submitted it to Sergeant Anderson.

- In the grievance, Gray claimed that Barrios intentionally opened a cell door into his arms, injuring him. Gray further claims that Barrios denied him medical care afterwards.

- After submitting the grievance on November 24, he did not receive an immediate response from Anderson, and he was transferred back to WSPF on November 28.

- Sergeant Anderson did not send his decision to him at WSPF, and Gray did not receive a response from Anderson within 14 days.

3

- Although Anderson did not respond to his grievance, Gray wrote to the Racine County Jail asking for a response, but did not receive one.
- When Gray did not receive a response from the Racine County Jail, Gray submitted an open records request in November of 2021 to determine whether Anderson sent his response to WSPF, but there was no record of a response.

(Gray Supp. Decl. (dkt. #40) ¶¶ 9-23.)

Gray's submission may create a genuine dispute of fact with respect to whether he submitted the "Inmate Request" form as required by the jail's procedures, but he has not shed light on the crucial question of whether he asked for a written response to his Inmate Request within seven days of his transfer to WSPF on November 28, as required by the jail's procedures. Although Gray states that he wrote to the jail asking for a response, Gray does not attest to *when* he submitted that request, and, critically, Gray does not indicate that he submitted that request within seven days of his transfer back to WSPF. Moreover, Gray's public records request to WSPF officials was not submitted until November of 2021, approximately *three years* after his transfer out of the jail. Therefore, Gray's supplemental declaration still does not call into question defendant's evidence that Gray failed to timely request a written response to his grievance in 2018. Since Gray failed to complete every step of the jail's grievance process, defendant has proven Gray's failure to exhaust. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (exhaustion requires the inmate to file all available appeals "in the place, and at the time, the prison administrative rules require"). Accordingly, the court is now granting defendant's motion, and Gray's claim in this lawsuit will be dismissed without prejudice. *See Ford v. Johnson*,

4

362 F.3d 395, 401 (7th Cir. 2004). The court, however, understands that this dismissal will function as one with prejudice, since it would be too late for Gray to exhaust this claim now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1. Defendant Barrios's motion for summary judgment (dkt. #24) is GRANTED, and plaintiff's claim against Barrios is DISMISSED without prejudice.

2. The clerk of court is DIRECTED to enter judgment in defendant's favor and close this case.

Entered this 18th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge