IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CEDRIC A. GRAY,

          Plaintiff,                                  OPINION & ORDER

v.

                                                          Case No. 19-cv-55-wmc

NICHOLAS BARRIOS,

          Defendant.

*Pro se* plaintiff Cedric A. Gray, who currently is incarcerated at the Wisconsin Secure Program Facility ("WSPF"), filed this lawsuit under 42 U.S.C. § 1983, against Racine County Jail officer Nicholas Barrios, on a claim that Barrios violated his rights under the Eighth Amendment during his temporary stay at the jail in November of 2018 by using excessive force against him. Previously the court granted defendant Barrio's motion for summary judgment on the ground that Gray failed to exhaust his administrative remedies as required by the Prion Litigation Reform Act ("PLRA"). (Dkt. #41.) Specifically, after requiring Gray to supplement his opposition brief with details about his claimed efforts to follow the jail's grievance procedures, the court concluded that Gray had failed to request a written response to his grievance within seven days of his transfer out of the jail, a requirement for inmates who are transferred out of the jail before their grievance is processed. (*Id.* at 4.) Now before the court is Gray's motion to alter or amend, in which he represents, in relevant part, that he *did* submit a timely request for written response, now specifying that he sent it on November 29, 2018, the day after his transfer out of the jail. (Dkt. #43 at 3.)

        If it is true that on November 29, 2018, Gray send a request for a written response to his grievance, then he may be excused from the jail's exhaustion policy because he made every effort to follow the applicable procedures and did not complete every step through no fault of

his own. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 812 (7th Cir. 2006) (defendant could not succeed on exhaustion defense where plaintiff mailed his appeal, but it was never received). Since Gray's submission indicates that he would testify under oath about his effort to timely request a response to his grievance, the court now finds that there is a material factual dispute as to defendant's exhaustion defense and the court must deny defendant's motion for summary judgment. Therefore, the court will grant Gray's motion to alter or amend and deny defendant's motion.

If he wishes, defendant may still pursue the exhaustion affirmative defense through an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the merits-based dispositive motion deadline has passed, and defendant may prefer to reset that deadline rather than hold a *Pavey* hearing. Therefore, the court will ask for defendant's input as to which course of action he intends to pursue.

## ORDER

IT IS ORDERED that:

1. Plaintiff Cedric Gray's motion to alter or amend (dkt. #43) is GRANTED.
2. Defendant's motion for summary judgment (dkt. #24) is DENIED.
3. Defendant is DIRECTED to notify the court by **August 2, 2022,** whether the court should set a hearing under *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008).

Entered this 20th day of July, 2022.

BY THE COURT:

/s/_____
WILLIAM M. CONLEY
District Judge