IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CEDRIC A. GRAY,

                Plaintiff,                OPINION & ORDER

v.

                                          Case No. 19-cv-55-wmc

NICHOLAS BARRIOS,

                Defendant.

---

*Pro se* plaintiff Cedric A. Gray is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF"). He filed this lawsuit under 42 U.S.C. § 1983 arising out of an earlier period in which he was held at the Racine County Jail. Specifically, Gary claims that on November18, 2018, Correctional Officer Nicholas Barrios used excessive force against him in violation of the Eighth Amendment. On September 16, 2022, the court held an evidentiary hearing to resolve factual disputes pertaining to Barrios's exhaustion affirmative defense pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Based on the factual findings and legal reasoning summarized below, the court concludes defendant Barrios has proven by at least a preponderance of the evidence that Gray failed to exhaust the grievance procedures available to him at the Racine County Jail. Therefore, the court must dismiss Gray's claim against Barrios without prejudice, enter judgment in Barrros's favor and direct this case to be closed.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must also "properly take each step within the administrative process" that are "in the place . . . at the time, [as] the [institution's] administrative rules require," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) compliance with instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

When factual disputes related to exhaustion arise, the court must hold a *Pavey* hearing to resolve those disputes. *See Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015) ("Often exhaustion (or its lack) will be apparent, but when it is not, the district court must hold an evidentiary hearing to resolve the question.") (citing *Pavey*, 544 F.3d 739); *see also Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) ("At Pavey hearings, judges may hear evidence, find facts, and determine credibility.") (citation omitted). However, *defendant* bears the burden of proving non-exhaustion, *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), and "[c]ourts analyze a prisoner's exhaustion under the preponderance of the evidence standard." *Williams v. Baldwin*, 239 F. Supp. 3d 1084, 1089 (N.D. Ill. 2017) (quotation omitted).

The material, factual issue before the court is whether to credit Gray's assertions that he properly filed a grievance, and on November 29, 2018, properly sent a request for a written response to his original grievance, consistent with the Racine County Jail's grievance procedures. Having heard and seen Gray testify, considering the evidence of record, and having made credibility determinations, I find the following:

2

On November 24, 2018, Gray spoke with Sergeant Anderson and gave him a grievance form raising his excessive force claim against Barrios. Gray was transferred from the jail back to WSPF on November 28. Gray further testified that throughout his time at the jail and until his transfer back to WSPF, he was unaware of the jail's grievance policies. Instead, Gray only found out later from someone on November 29, while he was in the WSPF library, that he should write a letter to the Racine County Jail asking for a response to this grievance, which he then claims to have accomplished that same day.

Defense counsel questioned Gray about how he was able to attend the law library on November 29, when WSPF has a practice of requiring inmates to request access to the law library with more lead time than Gray would have had if he only arrived back at WSPF on November 28. At the *Pavey* haring, Gray testified for the first time that he had permission to access the library because he asked a sergeant for library time, something he had not mentioned during his earlier deposition. Gray had also never mentioned his claimed November 29 letter to the jail until after the court dismissed his lawsuit for failure to exhaust his grievance.

In addition, responding to the court's questions about his familiarity with grievance procedures or filing a lawsuit more generally, Gray stated that he may not have followed up with the jail at the suggestion of someone in WSPF's law library, and conceded that it was possible he may not have sent a letter to the jail asking for a response to his grievance until he was back at WSPF for a longer period of time.[1]

---

[1] Although defendant submitted video footage evidence of a November 21, 2018, verbal exchange between plaintiff Gray and Officer Barrios for purpose of impeachment, I have not considered this

3

Before the *Pavey* hearing, Gray also submitted the declaration of another inmate at WSPF, who attested: "I can say with certainty that when Gray returned from Racine County Jail that he did in fact mail a letter inquiring about a response related to a file[d] complaint that took place at the Racine County Jail." (Youngmark Decl. (dkt. #52) ¶ 4.) In that declaration, however, Youngmark did not attest to the timing of that letter or to his being in WSPF's law library with Gray on November 29. During the hearing, Gray also conceded that Youngmark could not have attested to *when* Gray actually sent the follow up letter.

From this record, therefore, the court finds that: (1) neither Gray nor Youngmark recalled when Gray actually sent the claimed letter to the jail from WSPF; *and* (2) it is undisputed that the jail has no record of ever receiving a letter from Gray seeking a response to his original grievance. Moreover, Gray could not explain why he did not mention the letter he sent to the jail in his complaint or in his summary judgment opposition materials. Without some evidence of Gray sending a letter to the Racine County Jail within seven days of his November 28, 2018, transfer from the jail to WSPF, the court finds it more likely than not that Gray did not send such a letter as required by the Racine County Jail's grievance procedures, or at least did not do so timely.

Finally, Gray's claimed ignorance of the grievance procedures at the Racine County Jail does not save his claim from dismissal. Indeed, even if I were to credit Gray's testimony that he may not have known what to do to exhaust his administrative remedies properly,

---

evidence for purposes of this affirmative defense because Gray did not have the opportunity to review it, and it has little relevance in any event.

"[t]he PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the [jail] has taken reasonable steps to inform the inmates about the required procedures." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)).  There is no dispute that Gray had access to those procedures at the jail.

Accordingly, defendant is entitled to judgment in his favor on the ground that Gray failed to exhaust his administrative remedies, and Gray's claim in this lawsuit must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*[A]ll* dismissals under § 1997e(a) should be without prejudice.").  Moreover, the court understands that this dismissal will likely function as one with prejudice, since it is now too late for Gray to exhaust those claims.  *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1. Plaintiff Cedric Gray's excessive force claim against defendant Nicholas Barrios is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 30th day of September, 2022.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge